**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BAYNE W. ALEXIS,**

                     **Petitioner,**

            **v.**                                        9:03-CV-1191
                                                       (FJS/GJD)

**WARDEN, Buffalo Federal Detention Facility;**
**and ATTORNEY GENERAL OF THE STATE**
**NEW YORK,**

                      **Respondents.**

---

**APPEARANCES**                               **OF COUNSEL**

**BAYNE W. ALEXIS**
**230-37-243**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Petitioner *pro se*

**OFFICE OF THE UNITED STATES**        **JAMES W. GRABLE, SAUSA**
**ATTORNEY**
130 Delaware Avenue
Suite 203
Buffalo, New York 14202
Attorneys for Respondent Warden

**OFFICE OF THE NEW YORK STATE**       **PATRICK F. MacRAE, AAG**
**ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorneys for Respondent Attorney General
of the State of New York

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Petitioner seeks habeas relief, pursuant to 28 U.S.C. § 2254, from his October 24, 2001 conviction and November 28, 2001 sentence in Oswego County Court. Petitioner's asserted grounds for relief are (1) that his plea to the charges was involuntary, (2) that he received ineffective assistance of counsel, (3) that he was denied the right of appeal, (4) that the Oswego County Court improperly sentenced him as a second felony offender, and (5) that he was illegally arrested.

Currently before the Court are Petitioner's objections to Magistrate Judge DiBianco's February 17, 2005 Report-Recommendation ("Report"), in which he recommended that the Court (1) grant Respondent Warden's motion to dismiss the claims against him, (2) deny Petitioner's motion for a stay of deportation, and (3) deny and dismiss the petition in its entirety.

## II. BACKGROUND

> Plaintiff Bayne Alexis is a citizen of Trinidad and Tobago. On May 9, 1979 he gained lawful permanent resident status in the United States. On August 2, 1995, Alexis was convicted in New York State Court, upon a plea of guilty, of criminal possession of a controlled substance (phencyclidine) and was sentenced to time served. On August 21, 1996, Alexis was convicted in New York State Court upon a plea of guilty of criminal possession of a controlled substance (crack cocaine) and was again sentenced to time served. On January 30, 1997, Alexis was convicted in New York State Court of attempted criminal sale of a controlled substance (cocaine) and sentenced to six months incarceration and five years probation. On November 28, 2001, Alexis was convicted as a second felony offender for criminal possession of a controlled substance

(cocaine) and sentenced to three to six years imprisonment.

*Alexis v. Attorney Gen.*, No. 04 Civ. 1817AKH, 2005 WL 399302, *1 (S.D.N.Y. Feb. 18, 2005).

Petitioner is currently being held at the Buffalo Federal Detention Facility pursuant to a July 31, 2002 order of removal. On January 14, 2003, Petitioner filed a habeas petition in the United States District Court for the Western District of New York challenging that order of removal. That court dismissed his petition on September 29, 2004. *See Alexis v. Holmes*, No. 03CV0025SC, 2004 WL 2202646 (W.D.N.Y. Sept. 29, 2004). The Second Circuit affirmed that decision. *See Alexis v. Holmes*, Dkt. No. 04-5666-pr (2d Cir. 2004).

Petitioner filed the instant action in the United States District Court for the Western District of New York on May 30, 2003. On September 19, 2003, United States District Judge David G. Larimer transferred the case to this District. Pursuant to this Court's orders, Petitioner filed amended petitions on October 22, 2003, and February 2, 2004. *See* Dkt. Nos. 11, 18. On July 29, 2004, Respondent Warden moved the Court to dismiss the petition with respect to the claims that Petitioner had asserted against him. On August 17, 2004, Respondent Attorney General responded to the petition. Petitioner responded to both Respondents' papers.

On February 17, 2005, Magistrate Judge DiBianco issued a thorough and well-reasoned Report, in which he concluded (1) that Respondent Warden is not a proper respondent in a habeas petition challenging the validity of a state-court sentence or conviction, (2) that Petitioner's pending collateral attack does not provide a basis for staying his deportation, (3) that Petitioner waived his right to appeal as part of his plea bargain, (4) that Petitioner has failed to exhaust his claims of involuntary plea, illegal arrest, and ineffective counsel regarding the investigation of an entrapment defense, (5) that Petitioner could probably only currently raise his

-3-

involuntary plea claim in state court, (6) that Petitioner has shown neither cause nor prejudice for his failure to raise in state court his claims of illegal arrest and ineffective counsel regarding the investigation of an entrapment defense, (7) that there is no indication that Petitioner's counsel's advice fell below a "reasonable" standard, (8) that there is absolutely no basis for Petitioner's claim that he would have not pled guilty and instead insisted upon going to trial if the trial judge had more thoroughly informed him of the risk of deportation, and (9) that the Oswego County Court properly sentenced Petitioner as a second felony offender.

### III. DISCUSSION

If a party files specific, written objections to a magistrate judge's recommended disposition, the district court reviews the matters to which he filed objections *de novo*. *See* Fed. R. Civ. P. 72(b). The court reviews matters to which there are no objections for clear error. *See id.* (advisory committee note). The court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

Petitioner states that he objects to the entirety of the Report. *See* Dkt. No. 40 at 1. Specifically, he objects (1) that the state court that considered his New York Criminal Procedure Law § 440.20 motion mistakenly stated that the Oswego County Court had sentenced him to one to three years although it actually sentenced him to three to six years, (2) that the cause for his failure to present his claims to the New York state courts is Respondent Warden's interference with this mail communications with the United States District Court for the Western District of New York, (3) that Respondent Warden's interference with his mail communications is also

grounds for staying his deportation, (4) that he is not a second felony offender because his 1997 conviction resulted in probation rather than a sentence of imprisonment, (4) that his plea was involuntary as a result of improper advice that he received from his counsel, and (5) that the decision in *Alexis v. Holmes* was incorrect. Accordingly, the Court reviews the parties' submissions and the underlying record *de novo*.

The Court finds that all of Petitioner's objections either are without merit, have been considered and properly rejected by Magistrate Judge DiBianco, or are outside of this Court's jurisdiction. The Court has also reviewed those portions of Magistrate Judge DiBianco's Report to which Petitioner has not filed specific objection and has not found clear error. Accordingly, the Court adopts Magistrate Judge DiBianco's Report in its entirety and, for the reasons that Magistrate Judge DiBianco set forth therein, grants Respondent Warden's motion to dismiss the petition with respect to the claims against him, denies Petitioner's motion for a stay of deportation, and denies and dismisses the petition in its entirety.

## IV. CONCLUSION

After carefully considering Magistrate Judge DiBianco's Report-Recommendation, Petitioner's objections thereto, the relevant parts of the record, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge DiBianco's Report-Recommendation, dated February 17, 2005, is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Respondent Warden's motion to dismiss the claims against him is **GRANTED**; and the Court further

**ORDERS** that Petitioner's motion for a stay of deportation is **DENIED**; and the Court further

**ORDERS** that the petition is **DENIED AND DISMISSED IN ITS ENTIRETY**.

**IT IS SO ORDERED**.

Dated: April 13, 2005
       Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge